UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Stephen Andrews** and **Christina Andrews,**  *Plaintiff*,  vs.  **Brokers Network Realty, LLC** d/b/a **TB Property Management** and **Stephen Corbicz**  *Defendant*. | Case No.:   8:20-cv-2219  Division: _____  Ad Damnum:  **$2,000 + Atty Fees & Costs**  **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, **Stephen Andrews and Christina Andrews** ("**The Andrews**"), by and through their attorneys, Seraph Legal, P.A., and complain of the Defendants, **Brokers Network Realty, LLC** d/b/a **TB Property Management** ("**TB Property**") and **Stephen Corbicz** ("**Mr. Corbicz**" or "**Landlord Corbicz**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by the Andrews, individual consumers, against TB Property for violations of the **Fair Debt Collection Practices Act**, 15 U.S.C. §1692, *et. seq.* ("**FDCPA**"), the **Florida Consumer Collection Practices Act**, Section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**"), and unjust enrichment.

### JURISDICTION AND VENUE

2. Subject-matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiffs' FCCPA claims under Section 559.77(1), Florida Statutes and 28 U.S.C. §1367.

4. TB Property is subject to the provisions of the FDCPA and FCCPA and is subject to the personal jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) and Section 48.193, Florida Statutes.

5. Venue is proper in this division and district pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed by the Defendant within Hillsborough County.

## PARTIES

6. The Andrews, a married couple, are natural persons who, at all-time relevant hereto, resided in Hillsborough County, Florida.

7. The Andrews are therefore "consumers" as defined by the FDCPA and FCCPA, 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes.

8. TB Property is a Florida limited liability company with a primary business address of 1313 Cambron Drive, Valrico, Florida 33596.

9. TB Property Registered Agent is **Michael Rivera, 1313 Cambron Drive, Valrico, Florida 33596.**

10. TB Property is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. §1692a(6) and the FCCPA, Section 559.55(7), Florida Statutes, in that they use an instrumentality of commerce, including postal mail, both interstate and within the state of Florida, for their business, the principal purpose of which is the collection of debts.

Alternatively, they regularly collect or attempt to collect, directly or indirectly, debts owed or asserted to be owed another.

11. Mr. Corbicz is the "landlord" as defined in the operative lease contract.

12. Mr. Corbicz, at all time relevant, hired TB Property to act on his behalf and for his benefit as to the lease.

13. Mr. Corbicz is believed to reside at **301 W Alfred St., Tampa, FL 33603**, where he may be served.

## FACTUAL ALLEGATIONS

14. Around August 3, 2019, The Andrews entered into a lease for a single-family home with Stephen Corbicz at 3705 West Sevilla Street, Tampa, Florida 33629 ("**Rental**"). **SEE PLANTIFF'S EXHIBIT A.**

15. Landlord Corbicz hired TB Property to manage the Rental, including leasing the property, collecting rent, withholding monies from the security deposit, and attempting to collect monies relating to the lease.

16. Under the lease, the Andrews paid a security deposit of $2,500.00 and agreed to monthly rent of $2,600.00.

17. The Andrews used the Rental as their primary residence.

18. The lease was set to expire on July 31, 2020.

19. The Andrews notified TB Property of their intention to vacate the Rental prior to the expiration of the due to the Andrews closing on their new home.

20. The Andrews gave more than a thirty (30) day notice.

21. On or about June 11, 2020, the Andrews vacated the apartment and paid rent through the move-out date.

22. New tenants physically moved into the Rental on June 13, 2020.

23. TB Property, acting as a debt collector, alleged that the Andrews owed $1,1250.00 for re-release fees, **early termination**, damages, and/or other fees (the "**Debt**"). **SEE PLAINTIFFS' EXHIBIT B.**

24. The Debt arose from services which were for family, personal, or household purposes, specifically rent for the Andrews personal residence, meeting the definition of "debt" under the FDCPA and FCCPA, 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes.

25. The vast majority of the Debt was from an early termination fee, which TB Property referred to on its invoice as a "Release Fee, Early terminate." *Id.*

26. The fee assessed was $1,000.00. *Id.*

27. Pursuant to Section 83.595(4), Florida Statutes, for a landlord to obtain liquidated damages or an early termination fee, the landlord must provide a *separate addendum* in the lease containing the terms of the clause where the tenant agrees to pay liquidated damages or an early termination fee, so that the consumer's attention is drawn to this important clause, in a format substantially similar to the following:

> ☐ I agree, as provided in the rental agreement, to pay $ (an amount that does not exceed 2 months' rent) as liquidated damages or an early termination fee if I elect to terminate the rental agreement, and the landlord waives the right to seek additional rent beyond the month in which the landlord retakes possession.

☐ I do not agree to liquidated damages or an early termination fee, and I acknowledge that the landlord may seek damages as provided by law.

28. TB Property did not properly include a "termination fee" or any other liquidated damage clause in the lease executed by both Landlord and the Andrews. **SEE PLANTIFF'S EXHIBIT A.**

*29.* The lease did not have a separate addendum which provided for the early termination fee provision nor did it contain a separate signature requirement with the expressly required options listed. *Id.*

30. Further, there was no clause that allowed for a "re-release fee."

31. TB Property would have incurred the same cost of re-renting the Rental had the Andrews waited a month and a half and moved out at the expiration of the lease.

32. Having failed to comply with Florida Statute 83.595(4), TB Property lacked any legal basis to charge the $1,000.00 "Release Fee, Early terminate."

33. The Debt was immediately withheld from the Andrews' security deposit.

34. Further, the Andrews complied with Florida 83.49(3) by objecting to the $1,000.00 withheld from their security deposit within the required fifteen (15) days. **See Plaintiffs' Exhibit C.**

35. TB Property have not responded to the Andrews' certified letter.

36. TB Property continues to withhold monies it was not legally allowed to collect.

37. Upon information and belief, numerous consumers have been subjected to,

and paid, these improper early termination fees.

38. The Defendants continue to charge improper early termination fees and security deposits in violation of Florida law because the Defendants know many consumers will simply pay the amounts to buy peace of mind.

39. As such, the Defendant's improper collections in this case are intentional, and done with a reckless disregard for the rights of consumers.

40. The Andrews have retained the aforementioned law firm to represent them in this action and have assigned their right to recover attorney fees to the firm.

## COUNT I
## VIOLATIONS OF THE FDCPA – TB PROPERTY ONLY

41. The Andrews adopt and incorporate paragraphs 1 - 40 as if fully stated herein.

42. TB Property violated **15 U.S.C. § 1692e(10)** when it made false representations regarding the character or legal status of the Debt when it falsely represented that the Debt was valid, legally owed, and legally enforceable against the Andrews, when the Debt was void and unenforceable, as there was no early termination clause.

43. TB Property violated **15 U.S.C. § 1692e** and **1692e(2)(a)** when it used false, deceptive, and misleading representations in connection with the collection of a debt when it falsely represented that the Debt was valid, legally owed, and legally enforceable against the Andrews, when the Debt was void and unenforceable, at the right to collect the amount had been objected to and the early termination clause was non-existent.

44. TB Property violated **15 U.S.C. § 1692f** when it used unfair and unconscionable means to collect a debt by attempting to collect unenforceable amounts against the Andrews.

45. Defendant's actions were willful, intentional, and representative of its regular business practices.

46. TB Property is liable for the above-stated violations of the FDCPA, and the Andrews are entitled to statutory damages not to exceed $1,000, plus their reasonable attorney fees and costs.

**WHEREFORE,** the Andrews respectfully requests this honorable Court to enter judgment in their favor, and against TB Property, for:

 a. Statutory damages of **$1,000** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 b. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

 c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

 d. Such other relief that this Court deems just and proper.

## COUNT II
### VIOLATIONS OF THE FCCPA – TB PROPERTY AND CORBICZ

47. The Andrews adopt and incorporate paragraphs 1 - 40 as if fully stated herein.

48. TB Property and Landlord Corbicz violated Section **559.72(9)**, Florida Statutes, when they attempted to enforce a legal right that did not exist by collecting an early termination fee when such fee was not authorized due to lack of compliance with the requirements of Section 83.595(4).

49. Defendants' actions were willful, calculated and intentional. Defendants have utilized these same tactics against other consumers, including charging impermissible early termination fees through the retained security deposit when no such legal right to do so exists.

50. For its violations of the FCCPA, TB Property and Landlord Corbicz are liable, and the Andrews are entitled to statutory damages not to exceed $1,000, plus their reasonable attorney fees and costs.

**WHEREFORE,** the Andrews respectfully requests this honorable Court to enter judgment in their favor, and against TB Property and Landlord Corbicz, joint and serverally, for:

   a. Statutory damages of $1,000 pursuant to Section 559.77(2), Florida Statutes;

   b. Actual damages pursuant to Section 559.77(2), Florida Statutes;

   c. Reasonable costs and attorney's fees pursuant to Section 559.77(2), Florida Statutes;

   d. Equitable relief enjoining TB Property and Landlord Corbicz from further violations of the FCCPA; and,

   e. Such other relief that this Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

51. The Andrews adopt and incorporate paragraphs 1 - 40 as if fully stated herein.

52. The Andrews conferred a benefit to TB Property and Landlord Corbicz in the form of the $1,000 early termination fee improperly withheld.

53. TB Property and Landlord Corbicz have enjoyed the benefits of this $1,000 improperly withheld.

54. Defendants had no right to the $1,000 early termination fee withheld from the Andrews because the underlying lease failed to comply with the express prerequisites established in Section 83.595(4), Florida Statutes.

55. With no legal basis to retain this significant portion of the Andrews security deposit, the Defendants ongoing retention of these funds is inequitable..

**WHEREFORE,** the Andrews respectfully requests this honorable Court to enter judgment in their favor, and against TB Property and Landlord Corbicz, for:

a. $1,000 in damages as authorized by *Florida Power Corp. v. City of Winter Park*, 887 So. 2d 1237 (Fla. 2004) *Malamud v. Syprett*, 117 So. 3d 434 (Fla. Dist. Ct. App. 2013)

b. Such other relief that this Court deems just and proper.

### JURY TRIAL DEMANDED

The Andrews hereby demand a trial by jury on all issues so triable.

Respectfully submitted this September 21, 2020 by:

**SERAPH LEGAL, P. A.**
/s/ *Bridget L. Dow*
Bridget L. Dow
Florida Bar No.: 1022866
BDow@seraphlegal.com
*/s/ Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar No.: 118103
tbonan@seraphlegal.com
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBITS LIST**

A    The Andrews' Rental Agreement.
B    TB Property's Notice of Intention to Withhold Security Deposit.
C    Plaintiffs' Letter Objecting to the Withhold of Security Deposit.